**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** | : |
| v. | :  11-353 (RBW) |
| **MARC GERSEN** | : |

BOND REVIEW MOTION

Marc Gersen, through undersigned counsel, respectfully moves this Court pursuant to 18 U.S.C. section 3142(c)(3), to review his bond status in this case and order Mr. Gersen released to the intensive supervision program of the Pretrial Services Agency. In support of this motion counsel states the following:

1) Mr. Gersen is before the Court charged with conspiring in November & December 2011, to distribute and possess with intent to distribute 500 grams or more of methamphetamine.

2) Mr. Gersen has been held without bond since his arrest on December 2, 2011.

3) Since Magistrate Judge Facciola ordered Mr. Gersen held without bond, counsel has confirmed that ANC Commissioner Michael Feldstein has offered his Dupont Circle home to Mr. Gersen for the purposes of facilitating Mr. Gersen's pre-trial supervision should the Court Order Mr. Gersen released. Mr. Feldstein would continue to live in the home and can be reached in his ANC Commissioner's office at 202-462-0647, or on his personal cell phone at (202) 494-4423.

4) Mr. Gersen is a second year law student at Georgetown University Law Center. *See* attached.

5) The report prepared by the pretrial services agency reflects that Mr. Gersen has no prior criminal convictions nor contacts of any kind.

6) Mr. Gersen tested negative for the use of any drug at arrest.

7) Moreover, the government's evidence in this case is extraordinarily weak. Apart from cooperators, the only tangible evidence of Mr. Gersen's involvement in any methamphetamine conspiracy was recovered on two dates as follows:

   a) On November 28, 2011, from a condominium leased by Mr. Gersen. On this date, police recovered a small amount of both methamphetamine and cocaine; a larger amount of GHB; U.S. currency, and some paraphernalia.

   However, evidence proves that Mr. Gersen was in Florida visiting his parents for the Thanksgiving holiday between November 22, 2011 – November 30, 2011. *See, e.g.,* attached prescription from a Florida Doctor with whom Mr. Gersen had an appointment on November 29, 2011. The government has represented that during this time and for some time prior, co-defendant Michael Talon had been staying in Mr. Gersen's condominium.

   b) On December 1, 2011, from a hotel room rented to a man not named in the conspiracy, police recovered 614 grams of methamphetamine; additional U.S. currency, a ledger in Lee Hylton's name which allegedly mentions Marc Gersen by name, and paraphernalia.

   At the time that all of this evidence was recovered, all three of Mr. Gersen's co-defendants, together with at least one other individual, were in the hotel room. Mr. Gersen was arrested outside the hotel, on his way to the hotel.

8) The government represents that there are two sources of information concerning the alleged conspiracy. One is a cooperating witness with a case pending against him and the other is

identified in police reports as the person who rented the hotel room in which Mr. Gersen's three co-defendants were arrested. The government has represented that this second source does not have any case(s) pending. However, counsel does not believe that this second source has ever represented to the government that it has any firsthand, non-hearsay knowledge about Mr. Gersen's alleged involvement in any conspiracy.

9) The weight of the evidence favors Mr. Gersen's release. *Compare United States v. Romo-Sanchez,* 170 F. Supp 2d 1127 (D. Kan 2001)(defendant overcame statutory presumption for pretrial detention in PWID 5 kilograms or more cocaine case where defendant showed "minimal" criminal history and weight of evidence was not strong).

10) In determining whether the defendant's release would endanger the community, the court must consider among other things "personal information including character, employment, past conduct, and so on." *United States v. Smith,* 79 F.3d 1208, 1209 (D.C. 1996). These factors all weigh in Mr. Gersen's favor in this case.

11) Moreover, the statutory presumption favoring detention can be overcome by a showing, like Mr. Gersen's, of no prior criminal history and ties to the community. *See United States v. Giampa,* 755 F. Supp. 665 (WD Pa 1990), *aff'd without opinion,* 947 F.2d 938 (3rd Cir. 1991), *cert. denied,* 502 U.S. 1119 (1992) (defendant charged with cocaine distribution carrying 10 year mandatory minimum penalty released despite presumption where he showed ties to the community, youth, legitimate employment and lack of criminal history).

## CONCLUSION

For these reasons, Mr. Gersen asks that the Court place him in the intensive supervision program through the Pretrial Services Agency.

                               Respectfully submitted,

                               /s/
                            Nikki Lotze
                            Lotze Mosley, LLP
                            400 7th Street, NW
                            Suite 202
                            Washington, D.C. 20004
                            (202) 393-0535

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| v. | : | 11-353 (RBW) |
| **MARC GERSEN** | : | |

**PROPOSED ORDER**

UPON CONSIDERATION of the Defendant's Bond Review Motion, it is this _____

day of _____ 2011, hereby

ORDERED that the motion is granted, and Mr. Gersen is hereby placed in the intensive supervision program pending trial.

_____
JUDGE WALTON

cc:   Nikki Lotze
    Lotze Mosley, LLP
    400 7th Street, NW
    Suite 202
    Washington, D.C. 20004

    AUSA Patricia Stewart
    Office of the United States Attorney
    555 4th Street NW
    Washington, D.C. 20530